**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 995** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-841** |
| **CA-PAR ELECTRIC, INC.** | **SECTION: "G"(2)** |

**ORDER AND REASONS**

Before the Court is Defendant Ca-Par Electric, Inc.'s ("Defendant") Motion to Dismiss Pursuant to Rule 12(b)(6).[1] After considering the complaint, the pending motion, the memorandum in support, the opposition, the reply, the record, and the applicable law, the Court will grant the pending motion and dismiss this action.

**I. Background**

*A. Factual Background*

Plaintiff International Brotherhood of Electrical Workers, Local Union No. 995 ("Plaintiff") is a labor organization as the term is used in 29 U.S.C. § 185, representing employees in an industry affecting commerce, that has been certified pursuant to the National Labor Relations Act as the exclusive collective bargaining agent of Defendant's employees employed in Pearl River, Louisiana.[2] Plaintiff and Defendant were parties to a collective bargaining agreement, entitled "Louisiana Statewide Agreement Between Southeastern Line Constructors Chapter, NECA and Local Union 995," (hereinafter "the Statewide Agreement") that became effective on January 1, 2011.[3] The Statewide Agreement provides for "interest arbitration." The Statewide Agreement expired on December 31,

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 1 at ¶ 3

[3] *Id.* at ¶ 5.

2011. Pursuant to the Statewide Agreement, the parties timely submitted all unresolved contract issues to binding arbitration on February 1, 2012.[4]

On February 13, 2012, the parties presented and argued their positions in arbitration. On March 17, 2012, the arbitration council issued their arbitral decision ("the Award"), which Plaintiff has attached to the complaint.[5] The Award instructed the parties to "sign and implement immediately" an "Outside Construction Agreement: Electrical" ("Outside Agreement") and Recovery Addendum. The Award provided that the Statewide Agreement was effective between the parties from January 1, 2012 until February 28, 2014.[6]

In the first cause of action, Plaintiff seeks confirmation of the Award under the Federal Arbitration Act[7] ("FAA").[8] Plaintiff's second cause of action is brought in the alternative to the first. Therein, Plaintiff seeks enforcement or confirmation of the Statewide Agreement and the Award under the Labor Management Relations Act[9] ("LMRA") if the Court finds that the FAA does not apply or that both the FAA and LMRA apply.[10]

---

[4] *Id.* at ¶¶ 6-7.

[5] *Id.* at ¶ 8 (citing Rec. Doc. 1-4).

[6] *Id.* at ¶ 12.

[7] 9 U.S.C. § 1, *et seq.*

[8] Rec. Doc. 1 at ¶¶ 13-19.

[9] 29 U.S.C. § 185(c).

[10] Rec. Doc. 1 at ¶¶ 20-26.

2

Plaintiff's third cause of action is also brought in the alternative, requesting that the Court confirm the Award under the Louisiana Binding Arbitration Law[11] ("LBAL") if the Court finds that the FAA and LMRA do not apply, or that all three statutes apply.[12]

### B. Procedural Background

Plaintiff filed the complaint in this matter on March 29, 2012 pursuant to this Court's federal question jurisdiction, 28 U.S.C. § 1331.[13] On June 7, 2012, Defendant filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[14] On July 23, 2012, Plaintiff filed an opposition.[15] With leave of court, Defendant filed a reply on July 30, 2012.[16]

## II. Parties' Arguments

In support of the pending motion, Defendant argues that "[n]owhere in the Complaint does [Plaintiff] allege that [Defendant] is not in compliance with the terms of the arbitral award."[17] Further, Defendant claims that it is not disputed that neither party has attempted to vacate or modify the Award. Moreover, on March 26, 2012, Defendant accepted the arbitral award and signed the Statewide Agreement, but nonetheless Plaintiff filed the present action three days later.[18]

---

[11] La. R.S. §§ 9:4201-4217.

[12] Rec. Doc. 1 at ¶¶ 27-31.

[13] *Id.*

[14] Rec. Doc. 4.

[15] Rec. Doc. 11.

[16] Rec. Doc. 14.

[17] Rec. Doc. 4-1 at p. 2.

[18] *Id.* at p. 3.

3

Defendant avers that there is no justiciable controversy before this Court; Plaintiff has not alleged that Defendant has failed to comply with the terms of the Award, and no party disputes the enforceability of the Award.[19] Defendant argues that pursuant to Article III, Section 2 of the United States Constitution, federal courts may only adjudicate cases or controversies, and in the absence of a claim that one of the parties challenges the enforceability of the Award, or is not in compliance with the Award, there is no such case or controversy presented here.[20]

Next, Defendant addresses the fact that Plaintiff's second and third causes of action are alternative to the first, depending on which law this Court decides is applicable. Defendant contends that "it is clear the LMRA applies because this case involves the arbitration award under a collective bargaining agreement."[21] However, Defendant reiterates that regardless of what law applies, there is no true case or controversy for this Court to decide.

Defendant further claims that "the strong policy favoring arbitration of labor disputes, has led courts to refuse to confirm or enforce arbitration awards where the party seeking confirmation has not demonstrated that there is a dispute over the implementation of the award." Defendant cites the United States Court of Appeals for the First Circuit in *Derwin v. General Dyamic Corp.*,[22] for support of its position that a court should refuse to confirm an arbitral award in the absence of a dispute, because it would offend Article III's requirement that a court only act upon actual cases and controversies.[23]

---

[19] *Id.* at p. 4.

[20] *Id.*

[21] *Id.* at p. 5 (citing 29 U.S.C. § 185; *Int'l Chem. Workers Un. v. Columbian Chems. Co.*, 331 F.3d 491, 494 (5th Cir. 2003)).

[22] 719 F.2d 484 (1st Cir. 1983).

[23] Rec. Doc. 4-1 at pp. 5-6.

Defendant argues that similar to *Derwin*, Plaintiff asks this Court to "place its 'imprimatur upon an arbitral award in a vacuum,'" because the complaint does not describe a concrete dispute between the parties: "Further, [Plaintiff] has not even alleged (nor can it) that [Defendant] has failed to sign the New Agreement as directed by the [arbitral committee]. In fact, [Defendant] has signed, implemented, and is operating under the New Agreement."[24] Defendant argues that in the absence of an allegation that Defendant has failed to comply with the terms of the Award, or that Plaintiff is seeking confirmation of the Award in response to Defendant's attempts to vacate or challenge the award (which has not happened here), there is no case or controversy for this Court to adjudicate, and therefore the complaint should be dismissed.[25]

In opposition, Plaintiff argues that the plain language of the FAA and LBAL require a court to confirm the Award even if there is compliance.[26] However, Plaintiff claims that because this dispute arose from a collective bargaining agreement, Section 301 of the LMRA applies.[27] Plaintiff contends that because the LMRA does not set forth a procedure to confirm an arbitral award, courts often look to the confirmation procedures within the FAA for guidance.[28] Also, Plaintiff avers that LBAL's one year limitation period to confirm an award is relevant, because the Fifth Circuit has looked to LBAL's prescriptive period in an LMRA action.[29] Plaintiff quotes part of the FAA, which states:

---

[24] *Id.* at p. 6.

[25] *Id.* at p. 8.

[26] Rec. Doc. 11 at p. 3.

[27] *Id.* (citing 29 U.S.C. § 185(c).

[28] *Id.* (citing *Int'l Chem.*, 331 F.3d at 494).

[29] *Id.* (citing *Edwards v. Sea-Land Serv., Inc.*, 678 F.2d 1276, 1291 (5th Cir. 1982), *vacated*, 103 S.Ct. 3104, *remanded to* 720 F.2d 857 (5th Cir. 1983)).

5

> at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected.[30]

Plaintiff also quotes the LBAL, which similarly states:

> At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected.[31]

Further, Plaintiff cites  the United States Supreme Court in *Hall Street Associations., L.L.C. v. Mattel, Inc,*[32] where the Supreme Court held that under Section 9 of the FAA, a court must confirm an arbitration award unless it is vacated, modified, or corrected. Plaintiff notes that Defendant has not sought to vacate, modify or correct the award, and therefore argues that this Court must confirm the Award.[33]

In addition, Plaintiff argues that "sister courts" have held that compliance with an arbitration award does not defeat a request for confirmation. Plaintiff refutes Defendant's main argument that a federal court lacks subject matter jurisdiction under Article III in the absence of noncompliance with the Award. Plaintiff directs the Court to *Variable Annuity Life Insurance Co. v. Bencor*,[34] a decision from the Southern District of Texas, where the court allowed a claim for confirmation even though the opposing party did not challenge the arbitration award and paid in full. Plaintiff also cites *McVay v.*

---

[30]  9 U.S.C. § 9.

[31]  La. R.S. § 9:4209.

[32]  128 S.Ct. 1396 (2008).

[33]  Rec. Doc. 11 at p. 4.

[34]  No. 05-1843, 2006 WL 1492249 (S.D. Tex. May 30, 2006).

*Haliburton Energy Services, Inc.*,[35] from the Northern District of Texas, where the court stated that "[u]nder Fifth Circuit precedent, [] there is no requirement that a party refuse to honor the arbitration award before a court can confirm the award," and that "[c]onfirmation is appropriate even where the parties have fully complied with the award."[36]

Additionally, Plaintiff claims that *Derwin*, which Defendant has relied upon, was expressly rejected in *Bencor*. Further, Plaintiff notes that in *Derwin,* the First Circuit determined that Massachusetts law applied, which placed no time limit for filing suits to confirm arbitral awards, therefore negating the need for confirmation without a breach or repudiation of the award; therefore, the court encouraged the parties to "treat the award as final and binding, foregoing judicial proceedings altogether."[37] Moreover, Plaintiff points out that the *Derwin* court acknowledged that other courts disagreed with its analysis and had allowed for confirmation in the absence of noncompliance, but "rejected such an approach on confusing grounds."[38] Plaintiff claims that while the First Circuit found it inappropriate to be "asked to put its imprimatur upon an arbitral award in a vacuum," the Fifth Circuit follows the opposite approach that "'arbitration proceedings are summary in nature and effectuate the national policy favoring arbitration, and require expeditious and summary hearing.'"[39]

In addressing Defendant's Article III arguments, Plaintiff argues that "it cannot be the law that the Constitution requires noncompliance with an award as a condition of confirmation," because

---

[35]  688 F.Supp. 2d 556, 563-64 (N.D. Tex. 2010).

[36]  *Id.* at 564.

[37]  Rec. Doc. 11 at p. 6 (citing 719 F.2d at 489).

[38]  *Id.* (citing 719 F.2d at 491).

[39]  *Id.* (citing *Legion Ins. Co. v. Gen. Agency, inc.*, 822 F.2d 541, 543 (5th Cir. 1987) (internal quotations omitted)).

"Section 9 of the FAA permits summary confirmation without evidence of noncomplaince."[40] Plaintiff claims that if this were true, Section 9 of the FAA would be facially unconstitutional, which would "clearly conflict with recent Supreme Court jurisprudence in this area."[41]

Moreover, Plaintiff claims that all authority relied on by Defendant were premised on *Derwin*, which is contrary to the law of this circuit. However, Plaintiff claims that even if *Derwin* were applicable, confirmation would still be warranted. Plaintiff again notes that in *Derwin*, Massachusetts law applied, which did not limit the time for a party to initiate an action to confirm an award, and therefore the court reasoned that confirmation in the absence of a dispute was unnecessary to protect the parties' rights. However, Plaintiff claims that Louisiana imposes a one year period to file such suits, so confirmation is warranted here.[42]

Plaintiff contends that both parties' contractual rights would be prejudiced if this Court dismisses the case and a dispute arises later. Plaintiff explains that the Award provides a 2-year term for the Statewide Agreement, which terminates February 28, 2014. Plaintiff argues that "[i]f either party were dissatisfied with the results of the Award, it could frustrate the other party's confirmation simply by complying with the term of the provision during the Award's initial year and seeking dismissal of any confirmation action as premature."[43] After that year, Plaintiff fears a party could defy the Award with impunity.

In reply, Defendant notes that Plaintiff has admitted there is no case or controversy that requires the Court's intervention because Defendant has signed the collective bargaining agreement

---

[40] *Id.* at p. 7.

[41] *Id.* (citing *Hall*, 128 S.Ct. at 1402).

[42] *Id.* at p. 8.

[43] *Id.* At p. 9.

and therefore complied with the Award.[44] Defendant next notes that both parties agree that Section 301 of the LMRA, not the FAA, is controlling in this matter because it arises from a collective bargaining agreement. While Defendant acknowledges that the Fifth Circuit has used the FAA as guidance in reviewing labor arbitration awards, it argues that "it is clear that the LMRA, and not the FAA, governs the confirmation of awards emanating from a [collective bargaining agreement]."[45] Defendant claims that this is an important distinction because the LMRA does not provide for the confirmation of an arbitration award without the existence of a true case or controversy, unlike the FAA.

Next, Defendant distinguishes the two Texas district court cases cited by Plaintiff. First, Defendant avers that *Bencor* was not an action pursuant to the LMRA, and is therefore not applicable. In addition, in *Bencor*, the arbitration agreement contained a provision which explicitly stated that the award rendered by the arbitrators may be entered by any court having jurisdiction, for which Section 9 of the FAA expressly allows.[46] Here, Defendant argues that this clause is not applicable, even if the FAA were applied.[47] Defendant contends that *McVay* is distinguishable for the same reasons. While Defendant refutes that the FAA is applicable, it claims that the Fifth Circuit has held that for a court to have jurisdiction of an arbitration award under the FAA, the parties must have agreed to final and binding arbitration, invoked the district court's jurisdiction before the arbitration, and then sought confirmation to confirm the award without objection by either party.[48] Defendant argues that neither

---

[44] Rec. Doc. 14 at p. 1.

[45] *Id.* at p. 2 (citing *Int'l Chem.*, 331 F.3d at 494).

[46] *Id.* at p. 4.

[47] *Id.* at pp. 4-5.

[48] *Id.* at p. 6 (citing *T&R Enters., Inc. v. Continental Grain, Co.*, 613 F.2d 1272, 1279 (5th Cir. 1980)).

party invoked the district court's jurisdiction prior to arbitration and Defendant has objected to confirmation of the award.

Finally, Defendant alleges that Plaintiff's fears that in the absence of confirmation, LBAL's one year prescriptive period to confirm arbitration awards would leave the parties vulnerable to later breaches are unfounded.[49] First, Defendant notes that the Award specifically states that the arbitration council retains jurisdiction over all disputes pertaining to the Statewide Agreement and all disputes would be presented to the council if an agreement could not be reached.[50] Also, the new collective bargaining agreement has a similar clause that submits all disputes for final judgment before the council. Therefore, "if [Defendant] was to repudiate any of its obligations under the new [collective bargaining agreement, Plaintiff] is not without an adequate remedy."[51]

Furthermore, Defendant argues that LBAL does not apply to collective bargaining agreements. Defendant notes that under the "Limitation of Application of Chapter," it states that "nothing contained in this Chapter shall apply to contracts of employment of labor or to contracts for arbitration which are controlled by valid legislation of the United States."[52] Defendant contends that when a collective bargaining agreement is on its face a contract for employment or labor, the agreement is controlled by the LMRA, which is valid legislation of the United States.[53] Therefore, Defendant contends that LBAL's prescriptive period does not apply and instead Louisiana's default prescriptive period for

---

[49] *Id.* at p. 7.

[50] *Id.* (citing Rec. Doc. 1-4 at p. 1).

[51] *Id.*

[52] La. R.S. § 9:4216.

[53] *Id.* at p. 8 (citing *United Steel Workers AFL-CIO v. Murphy Oil USA, Inc.*, 541 F.Supp. 2d 824 (E.D. La. 2007) (Berrigan, J.)).

contract actions of ten years is applicable, alleviating any concerns that a party could "defy"the Award

after a year, and leave the other without recourse.

### III. Standard on a Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the central issue

is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[54]

"A motion to dismiss on the basis of the pleadings alone should rarely be granted."[55] "A copy of a

written instrument that is an exhibit to a pleading is part of the pleading for all purposes."[56] "[A]

district court may consider documents attached to the motion to dismiss if they are referred to in the

plaintiff's complaint and are central to the plaintiff's claim."[57] Although a court must accept the factual

allegations in the pleadings as true, the plaintiff must plead enough facts to state a claim for relief that

is plausible on its face.[58] "Conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss."[59] Factual allegations must be enough to

raise a right to relief above the speculative level on the assumption that all of the allegations in the

complaint are true.[60]

---

[54] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[55] *Madison* v. *Purdy*, 410 F.2d 99, 100 (5th Cir. 1969).

[56] Fed. R. Civ. P. 10(c).

[57] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (citations omitted).

[58] *Doe*, 528 F.3d at 418 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[59] *Drs. Bethea, Moustoukas & Weaver, LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 n. 7 (5th Cir. 2004).

[60] *Twombly*, 550 U.S. at 555-56.

11

**IV. Law and Analysis**

Neither party has disputed the applicability of the LMRA to this matter, and this position is undeniable in light of Fifth Circuit precedent. In *International Chemical Workers*, the Fifth Circuit succinctly stated that "The LMRA applies to CBAs [collective bargaining agreements] and the FAA applies to individual arbitration agreements."[61] The complaint identifies the Statewide Agreement as a collective bargaining agreement.[62] Furthermore, in *International Chemical Workers*, the Fifth Circuit held that, "[t]he district court appropriately relied only on the LMRA when it confirmed the arbitration award because this case involves an arbitration under a CBA."[63] Therefore, it is clear that the LMRA is the applicable federal statute in this matter, not the FAA. The Fifth Circuit has been emphatic on this point.[64] As such, Plaintiff's reference to language within the FAA that a court "must" confirm an arbitration agreement is unsupported here. Likewise, all of the authority relied upon by Plaintiff, namely *Bencor* and *McVay*, dealt with the FAA, not the LMRA.

Now that it has been established that the LMRA governs this dispute, Defendant has argued that the LMRA does not provide for confirmation of an arbitration award without the existence of a true case or controversy. Neither party has provided this Court with binding precedent on the more narrow question of whether the LMRA allows for confirmation of an arbitral award in the absence a claim of noncompliance. However, the First Circuit's decision in *Derwin* is directly on point and

---

[61] 331 F.3d at 444.

[62] Rec. Doc. 1 at ¶ 3.

[63] 331 F.3d at 444.

[64] *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 383 (5th Cir. 2004) ("Judicial review of labor arbitration is not authorized by the FAA, but by section 301 of the Labor-Management Relations Act ('LMRA')."); *Brown v. Witco Corp.*, 340 F.3d 209, 218 (5th Cir. 2003) ("The FAA does not apply to cases reviewing arbitration awards pursuant to a collective bargaining agreement or any other contracts of employment of ... workers engaged in foreign or interstate commerce.") (internal quotation omitted)).

addressed these very issues.

In *Derwin*, the court was faced with a request to confirm an arbitral award in connection with a collective bargaining agreement. Neither party challenged the validity or enforceability of the award. Regardless, several years later, the union brought suit to confirm the award.[65] The court found that Section 301 of the LMRA was applicable. The court also noted that "[t]he present case involves no such 'new dispute' to be distinguished (or not distinguished) from the one resolved by the arbitrator. Rather the court is simply being asked to put its imprimatur [or approval] upon the arbitral award in a vacuum."[66] In deciding not to confirm the award, the First Circuit reasoned:

> Entry of a declaration "confirming" the award may be taken to imply that the defendant is in fact violating it. Courts, after all, do not enjoin parties from violating the law without proof of a real likelihood that such will happen. At the very least, it is hard to fathom what the present debate over confirmation portends. Both parties profess to agree that the Stutz award is binding. A decree confirming it at this time will merely give the parties something more to argue about. Under the circumstances, Article III's prudential values and concerns of judicial economy strongly counsel against the entry of a confirmatory order.[67]

The *Derwin* court next addressed the "most compelling basis" for confirmation before an actual dispute: where a strict statute of limitations would preclude a later confirmation while the award was still in effect. Plaintiff here has also raised this argument. However, the *Derwin* court found that a more restrictive prescriptive period did not apply in that matter, thus nullifying this concern, and therefore the court did not fully address this issue, and did not confirm the arbitration award.[68]

While this Court acknowledges that the *Derwin* decision is not binding, it finds the First

[65] 719 F.2d at 486.

[66] *Id.* at 491.

[67] *Id.*

[68] *Id.* at 492.

Circuit's reasoning persuasive, and in the absence of controlling precedent on this issue, will follow the same reasoning. Moreover, the First Circuit's reasoning is in line with binding Fifth Circuit precedent that "federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation," and that "there is a presumption against subject matter jurisdiction."[69]

Plaintiff has cited to language in *McVay*, which stated that "Under Fifth Circuit precedent, however, there is no requirement that a party refuse to honor the arbitration award before a court can confirm the award."[70] However, as was previously noted, *McVay* is distinguishable because the dispute in that case arose under the FAA, not the LMRA, as is the case here. To this point, the FAA specifically states that a court may enter judgment on an arbitration award if the parties have agreed that the court may do so, and the award has not been vacated, modified, or corrected.[71] No such provision exists in the LMRA, and both parties did not agree to a court entering judgment on the Award. Furthermore, the *McVay* court relied on *Bencor* and incorrectly cited it as "Fifth Circuit precedent," when in fact *Bencor* is a district court decision. Nevertheless, *McVay*'s analysis addresses the FAA, and is therefore distinguishable.

Plaintiff has argued that LBAL's one year prescriptive period applies to all actions to confirm the Award, and therefore they would be left without recourse if they were not allowed to confirm the award now and Defendant later decided to defy the judgment. Defendant has responded that this is not true because the Statewide Agreement specifically gives the arbitrators jurisdiction over all disputes

---

[69] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[70] 688 F.Supp. 2d at 564.

[71] *See* 9 U.S.C. § 9; *see also McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 985 (5th Cir. 1995).

throughout the term the agreement is in effect. More importantly, however, LBAL does not apply to this action. As noted by Defendant, LBAL expressly limits its applicability:

> Nothing contained in this Chapter shall apply to contracts of employment of labor or to contracts for arbitration which are controlled by valid legislation of the United States or to contracts made prior to July 28, 1948.[72]

As noted above, the Statewide Agreement is a collective bargaining agreement for employment and labor, and therefore is subject to the LMRA, which is valid legislation of the United States. Plaintiff asserts in opposition to the pending motion that the Fifth Circuit had previously looked to LBAL's statute of limitations in an LMRA action.[73] However, the case cited by Plaintiff in support of this position, *Edwards v. Sea-Land Serv., Inc.*[74] actually applied a statute of limitations under Texas state law, not the LBAL, to the LMRA; additionally, this decision was vacated by the Supreme Court.[75] Accordingly, Plaintiff has provided this Court with no authority where LBAL's prescriptive period has been applied to an LMRA action.

Subsequent to the United States Supreme Court vacating *Edwards*, other sections of this Court who have addressed  the applicable statute of limitations period in this situation have relied on other Fifth Circuit precedent and held that Louisiana's default prescriptive period of ten years applies.[76] Therefore, as in *Derwin*, Plaintiff's concerns in this regard are unfounded, as the statute of limitations

---

[72] La. R.S. § 9:4216.

[73] Rec. Doc. 11 at p. 3.

[74] 678 F.2d at 1291.

[75] 103 S.Ct. 3104.

[76] *United Steel Workers AFL-CIO*, 541 F.Supp. 2d at 829 (relying on *Int'l Union of Elec., Radio, & Mach. Workers, AFL-CIO-CLC v. Ingram Mfg. Co.*, 715 F.2d 886 (5th Cir. 1983), which applied the state default statute of limitations to a dispute arising in Texas); *see also United Paperworkers Int'l Union, AFL-CIO v. Gaylord Container Corp.*, 755 F.Supp. 158, 161 (E.D. La. 1991) (Mentz, J.) (applying *Ingrahm* to find that an arbitration award arising in this state is governed by Louisiana's catch-all statute of limitations of ten years).

period to confirm the Agreement extends beyond the life of the Agreement and Plaintiff will have recourse, if necessary.

Accepting all Plaintiff's factual assertions at true, most of which are not disputed here, Plaintiff has failed to establish that it is entitled to confirmation under the LMRA before there is any dispute or failure to perform on the part of Defendant. The authority cited by Plaintiff in support of its position addresses other state and federal statutes that the Fifth Circuit has expressly stated do not control this situation. Defendant has directed this Court to persuasive authority on this exact issue, which this Court finds well-reasoned and consistent with enumerated principles of justiciability from the Fifth Circuit. Therefore, the Court will grant the pending motion and dismiss this action.

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6)[77] is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __5th__ day of March, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[77] Rec. Doc. 4.